**E-FILED**
Friday, 22 February, 2008 01:53:02 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION**

| | | |
|---|---|---|
| THOMAS R. WETZLER, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 07-1326 |
| ILLINOIS CPA SOCIETY & FOUNDATION RETIREMENT INCOME PLAN, and PLAN ADMINISTRATOR FOR THE ILLINOIS CPA SOCIETY & FOUNDATION RETIREMENT INCOME PLAN, | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is Defendants' motion to dismiss for failure to state a claim (d/e 9). For the reasons below, the Court recommends that the motion be denied.

**Standard**

To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

The Complaint need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' . . . ." Id., *quoting* Bell Atlantic, 127 S.Ct. at 1965, 1973 n. 14. "Although this does 'not require heightened fact pleading of specifics,' it does require the complaint to contain 'enough facts to state a claim to relief that is plausible on its face.'" Killingsworth v. HSBC Bank Nevada, 507 F.3d 614, 618 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1974. Additionally, a plaintiff can "plead out of court" if the facts he alleges defeat his claim for relief. McCready v. Ebay, Inc., 453 F.3d 882, 888 (7th Cir. 2006).

**Allegations**

Plaintiff is a participant in the Illinois CPA Society & Foundation Retirement Income Plan, a defined benefit pension plan (the "plan"), and has been an eligible participant since June 1986. (Complaint ¶¶ 4, 8). On his early retirement in June 2006, Plaintiff was considered a "highly compensated employee" under I.R.C. § 414(q). (Complaint ¶ 9).

The plan is governed by a plan document that, the plaintiff asserts, gives him the right to a lump sum distribution of his retirement benefits under § 5.02(d).  (Complaint ¶ 11; Ex. A attached to Complaint).  Section 5.02 states in relevant part:

> A Participant who retires . . . may file a written notice with the Employer . . . to convert the benefit otherwise payable . . . into a benefit of Actuarial Equivalent value in accordance with one of the options forms set forth below.
>
> *   *   *
>
> (d) <u>Lump Sum Distribution</u>
>
> This option which is Actuarially Equivalent to the normal form of payment described in Section 5.01, would provide a single sum cash payment to a Participant upon his termination of employment or retirement.

In June 2004, the plan document was amended (the "2004 Amendment") to add a new section which provides in pertinent part:

> Distribution of benefits under the Plan shall be subject to the restrictions under Treas. Reg. Sections 1.401(a)(4)-5(b)(2) and (3). The foregoing notwithstanding, with respect to distributions of benefits occurring prior to July 1, 2004, an Employee's otherwise restricted benefit may be distributed in full to the affected Employee if prior to receipt of the restricted benefit of the restricted amount, the Employee enters into a written agreement with the Administrator of the Plan to secure repayment to the Plan of the restricted amount. . . . (Complaint ¶ 13; Ex. A to Complaint, First Amendment).

The interpretation of and reason for the 2004 Amendment are disputed.

In May 2005, the plan was amended for a second time, to add the following to § 5.02:

> Notwithstanding the foregoing, the single sum cash payment described in this Section 5.02(d) shall not be available with respect to any Accrued Benefit resulting from Credited Service performed on or after June 1, 2005.  However, this paragraph shall not deprive any Participant or Beneficiary of any benefit already accrued as of May 31, 2005, or decrease an Accrued Benefit as of such date.  (Complaint ¶ 14; Ex. A to Complaint, Second Amendment).

Plaintiff elected to take his retirement benefits in a lump sum, but Defendant refused to distribute a lump sum, citing the "'limitations imposed under Treasury Regulation 1.401(a)(4)-5(b) and the terms of the Plan." (Complaint ¶ 15).

In June 2007, Plaintiff notified Defendant that he would provide adequate security to repay the lump sum distribution in accordance with the requirements of Rev. Rul. 92-76 (discussed below).  Despite Plaintiff's agreement to comply with all the requirements of Rev. Rul. 92-76, Defendant still refused and continues to refuse to allow a lump sum distribution to Plaintiff, for the stated reason that it is prohibited by the plan document and by Treas. Reg. § 1.401(a)(4)-5(b).

Plaintiff filed this lawsuit in August 2007, seeking payment of his benefits in a lump sum, plus interest, attorneys fees and costs. Count I of his Complaint asks the Court to find that any plan amendment proscribing lump sum benefits for benefits accrued before the date of the amendment violates the anti-cutback rule of ERISA, 29 U.S.C. § 1054(g)(2)(B). Count II asserts that Defendant's interpretation and application of the plan to prohibit a lump sum distribution is arbitrary and capricious because contrary to the plan's express terms.[1]

After Defendants filed their motion to dismiss, the parties filed cross motions for summary judgment. (d/e's 14, 19). The Court has not taken into consideration the motions for summary judgment or the exhibits submitted with them.

**Analysis**

To maintain its tax-favored status, the plan must comply with the federal code and federal regulations. Huppeler v. Oscar Mayer Foods Corp., 32 F.3d 245, 248 n.2 (7th Cir. 1994)("Under ERISA, qualified pension

[1]See Call v. Ameritech Management Pension Plan, 475 F.3d 816, 822 (7th Cir. 2007)(in general, ". . .unambiguous terms of a pension plan leave no room for the exercise of interpretive discretion by the plan's administrator. . ."); Swaback v. American Information Technologies Corp., 103 F.3d 535, 540 (7th Cir. 1996)("[I]f fiduciaries or administrators of an ERISA plan controvert the plain meaning of a plan, their actions are arbitrary and capricious.").

plans receive favorable tax treatment."), *cert den.* 511 U.S. 790 (1995); Ex. A. to Complaint, § 6.02 (employer contributions conditioned on their deductibility under 404 of the Code).  One of those federal requirements, the "anti-cutback" rule, protects a participant's accrued benefits. 29 U.S.C. § 1054(g)(2)(B).  "ERISA's anti-cutback rule is crucial to . . ." its goal of "protecting employees' justified expectations" of promised benefits.  Central Laborers' Pension Fund, 541 U.S. 739, 743 (2004).

Under the anti-cutback rule, plan amendments may not reduce a participant's accrued benefits.  29 U.S.C. Section 1054(g)(1).[2] "[E]liminating an optional form of benefit, with respect to benefits attributable to service before the amendment shall be treated as reducing accrued benefits."  29 U.S.C. § 1054(g)(2)(B).  Defendants do not dispute that Plaintiff's option to take his benefits as a lump sum is "an optional form of benefit."  *See* Treas. Reg. § 1.411(d)-4; Ex. A to Complaint § 9.02(a)(eliminating optional form of accrued benefit is treated as reducing accrued benefit).

---

[2]ERISA and the income tax code have "substantially identical" anti-cutback provisions.  26 U.S.C. Section 411(d)(6); Central Laborers' Pension Fund v. Heinz, 124 S.Ct. 2230, 2236-37 (2004)("Although the pertinent regulations refer only to the Internal Revenue Code version of the anti-cutback rule, they apply with equal force to ERISA § 204(g).").

Defendants assert that they cannot make the lump sum distribution to Plaintiff because it would violate federal regulations, putting the tax-status of the plan at risk. (d/e 10, p. 10). *See, e.g.,* Call v. Ameritech Management Pension Plan, 475 F.3d 816, 823 (7th Cir. 2007)(on petition for rehearing)("A plan must comply with the statute, of course; it does not have to recite the statute."); Hixson v. Liberty Corp., 964 F.Supp. 218, 225-26 (W.D. La. 1997)(finding "refusal to make lump sum distribution . . . justified by . . .need to comply . . ." with HCE regulations); Sikorski, 930 F.Supp. 804, 810, 812-12 (E.D.N.Y. 1996)(summary judgment to defendant where refusal to distribute lump sum was to comply with HCE regulation).

It is not clear, however, that distribution of a lump sum to Plaintiff *would* violate federal regulations. Defendants advance that a lump sum payment would violate Treas. Reg. §1.401(a)(4)-5(b). This regulation prohibits "discrimination" by a plan in favor of "highly compensated employees." To that end, plan documents must incorporate certain provisions that restrict distributions to highly compensated employees like Plaintiff.

Under Treas. Reg. § 1.401(a)(4)-5(b)(3)(i)(A), yearly benefits paid to a highly compensated employee cannot exceed:

> (A) A straight life annuity that is the actuarial equivalent of the accrued benefit and other benefits to which the restricted employee is entitled under the plan (other than a social security supplement); and  (B) A social security supplement, if any, that the restricted employee is entitled to receive.

This restriction does not apply in *any one* of the following circumstances:

> (A) After taking into account payment to or on behalf of the restricted employee of all benefits payable to or on behalf of that restricted employee under the plan, the value of plan assets must equal or exceed 110 percent of the value of current liabilities, as defined in section 412(l)(7).
>
> (B) The value of the benefits payable to or on behalf of the restricted employee must be less than one percent of the value of current liabilities before distribution.
>
> (C) The value of the benefits payable to or on behalf of the restricted employee must not exceed the amount described in section 411(a)(11)(A) (restrictions on certain mandatory distributions).

Treas. Reg. § 1.401(a)(4)-5(b)(3)(iv).

Defendants contend that distribution of a lump sum to Plaintiff would violate Treas. Reg. § 1.401(a)(4)-5(b) and that none of the exceptions apply.  However, the Court cannot make that factual determination on a motion to dismiss.  Missing are the numbers needed to apply this

regulation: the amount of the lump sum distribution, the value of the current liabilities and assets after the distribution, and the method of calculating the current assets and liabilities. *Compare* Hixson v. Liberty Corp., 964 F.Supp. 218, 225-26 (W.D. La. 1997)(on summary judgment, setting forth plan's assets and liabilities, amount of lump sum payment, asset/liability ratio); *Sikorski*, 930 F.Supp. at 813 (decided on summary judgment).

  Just as importantly, there is another exception to the restrictions that Defendants do not adequately address. "A plan distribution that would otherwise exceed the restrictions of section 1.401(a)(4)-5(b) may be made, provided that the plan requires adequate security to guarantee any repayment of the restricted amount upon plan termination." Rev. Rul. 92-76. In that event, "the plan will not violate the restrictions contained in section 1.401(a)(4)-5(b) of the regulations by allowing the payment of restricted amounts . . . ." Rev. Rul. 92-76. Revenue Ruling 92-76 details the type of security arrangements allowable, the specifics of which are not relevant here.

  Defendants do not adequately explain why Plaintiff cannot offer, as he did, security for repayment as approved by Rev. Rul. 92-76. Defendants maintain that "[t]he Plan Administrator declined this suggestion,

refusing to reverse its earlier determination that a lump-sum distribution to an HCE such as Wetzler was barred by the Code, Treasury Regulations, and the Plan itself." (d/e 10, 0. 5).[3] Rev. Rul. 92-76, however, says a secured lump sum distribution is *not* barred by the Code or treasury regulations. Nor do Defendants cite any plan language that prohibits a secured lump sum distribution.[4]

The Court is not opining on the merits of Plaintiff's claims or Defendants' defenses. The Court intends only to demonstrate that Plaintiff's allegations give notice of his claim and "contain 'enough facts to state a claim to relief that is plausible on its face . . .'" Killingsworth, 507 F.3d at 618 (7th Cir. 2007), *quoting* Bell, 127 S.Ct. at 1974. In the Court's

---

[3]Defendants also assert that "[t]he ruling demonstrates only what the IRS accepted as a *permissive* way to condition a lump-sum payment so as to avoid violation of the Regulations." (d/e 10, p. 14).

[4]Defendants seem to argue that the 2004 Amendment prohibits the lump sum payment (d/e 10, p.4), but Plaintiff counters that the 2004 Amendment only states the obvious–that the plan must comply with federal regulations. Even if Defendants' interpretation of the 2004 Amendment is correct, they do not explain how that amendment could eliminate the option of a secured lump sum distribution for benefits accrued *before* that date. As for the 2005 Amendment, lump sum distributions are barred only for accrued benefits resulting from service performed on or after June 1, 2005. The 2005 Amendment thus only prohibits lump sum elections for benefits accrued by Plaintiff on or after June 1, 2005.

opinion, Defendants have not demonstrated how that plausibility is defeated by Treas. Reg. 1.404(4)-5(b) or by the plan document.[5]

WHEREFORE, the Court RECOMMENDS that Defendants' Motion to Dismiss be denied (d/e 9).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER: February 22, 2008

*s/ Byron G. Cudmore*

BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE

[5]Defendants also contend the complaint must be dismissed because "the remedy [Plaintiff] seeks is unavailable." (d/e 10, p. 10, n.4). They contend that a lump sum payment is akin to "money damages," which is not equitable relief "available under 29 U.S.C. Section 1132(a)(3), the provision under which Wetzler sues." (d/e 10, p. 10, n. 4). Plaintiff responds that the "equitable relief" he seeks is the distribution of his benefits in a lump sum, (d/e 13, p.11; Complaint, pp.8 and 9), a remedy that is available under ERISA, though under a different subsection. *See* Swaback v. American Information Technologies Corp.,103 F.3d 535 (7th Cir. 1996)(example of suit under 1132(a)(1)(B) for denial of lump sum under pension plan).